IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LOCAL UNION 903 I.B.E.W.,** ) | |
| **HEALTH & WELFARE FUND, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | CIVIL ACTION 24-0420-WS-C |
| ) | |
| **MSH PROPERTIES LLC, etc.,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

This matter is before the Court on the plaintiffs' motion for default judgment. (Doc. 22).

Entry of default must precede entry of default judgment, and "[b]efore a default can be entered, … the party must have been effectively served with process." 10 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice & Procedure</u> § 2682 at 14 (3rd ed. 1998). Default has previously been entered against the defendant, (Doc. 21), and the Court prior to entry of default confirmed that the defendant was properly served with summons and the amended complaint. (Docs. 18, 19).

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact …. A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Nishimatsu Construction Co. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1371 n.41 (11th Cir. 1997). Rather, "before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations of the complaint ... actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Security, LLC v. Alcocer*, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (emphasis omitted). The first

amended complaint, (Doc. 14), sets forth all necessary allegations for the cause of action alleged.

"While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and the character of damages." *Capitol Records v. Carmichael*, 508 F. Supp. 2d 1079, 1084 n.4 (S.D. Ala. 2007). "A court [on entering default judgment] has an obligation to assure that there is a legitimate basis for any damage award it enters ...." *Anheuser Busch, Inc., v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *accord Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1385 (11th Cir. 2024). Thus, the mere granting of default judgment does not establish the plaintiffs' entitlement to any quantum of damages.

On default judgment, "[d]amages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (internal quotes omitted). No hearing is required "where all essential evidence is already of record ..., such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *Securities and Exchange Commission v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). Here, the declaration of Robert Bedinger and accompanying documents supplies all essential evidence. (Docs. 22-1 to -8). As the record is sufficient to determine damages, and as the plaintiffs do not request a hearing, none will be conducted.

"A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The motion for default judgment seeks entry of a monetary judgment in favor of one plaintiff ("Health and Welfare Fund") in the amount of $65,159.32 and in favor of the other plaintiff ("Pension Fund") in the amount of $25,325.07. (Doc. 22 at 3-4). This represents: (1) unpaid contributions to each fund for the months of August through December 2024; (2) liquidated damages of 10% on these unpaid contributions, as well as on the defendant's tardy contributions for July 2024; and (3) interest on unpaid contributions from their due date (the 15th of the

succeeding month) through January 31, 2025.[1] Because these are among the forms and time frames of relief demanded in the amended complaint, (Doc. 14 at 5-7), the requested default judgment does not differ in kind from that demanded in the pleadings.

As to amount, the motion for default judgment seeks recovery by the Pension Fund of one thin dollar more than either the amended complaint demands or the Bedinger declaration supports. (Doc.22 at 3-4; Doc. 14 at 6; Doc. 22-1 at 3). In addition, all three documents seek excessive interest with respect to the delayed July 2024 payment. That payment was due on August 15 and was made on October 18, making it late by 64 days. The amount due the Health and Welfare Fund on August 15 was $13,738.41, making the daily interest accrual, at 8% per annum, $3.02.[2] The amount due the Pension Fund on August 15 was $5,045.97, making the daily interest accrual $1.11. Over a period of 64 days, interest accrual for the two plaintiffs totaled $193.28 and $71.04, respectively. The plaintiffs' proposed figures of $502.86 and $184.70, respectively, must be correspondingly reduced.[3]

For the reasons set forth above, and subject to the downward adjustments described above, the plaintiffs' motion for default judgment is **granted**. Judgment shall be entered accordingly by separate order.

DONE and ORDERED this 29th day of April, 2025.

> s/ WILLIAM H. STEELE
> UNITED STATES DISTRICT JUDGE

---

[1] The plaintiffs' proposed order seeks interest through the date of judgment. (Doc. 22-9 at 4). Because the plaintiff's motion does not, such interest will not be awarded.

[2] According to the plaintiffs' evidence, interest accrued only on the unpaid contribution amount, and not on liquidated damages or on accrued interest. (Doc. 22-1 at 3).

[3] It appears that the plaintiffs' figures stem from continuing to charge interest through January 31, 2025 despite full payment on October 18, 2024.